DERRICK L. JOHNSON

~~[REDACTED]~~

P.O. BOX ~~[REDACTED]~~ 45651
LOS ANGELES, CA 90045
~~[REDACTED]~~

D - [1.0.] PLAINTIFF PRO SE

**FILED**

JUL 25 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DERRICK L. JOHNSON, - PLAINTIFF,

VS.

SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR KINGS COUNTY,
AN UNINCORPORATED ASSOCIATION; CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, AN UNINCORPORATED ASSOCI-
ATION; JAMES T. LAPORTE, IN AN INDIVIDUAL AND OFFICIAL CAPACITY;
LOUIS F. BISSIG, IN AN INDIVIDUAL AND OFFICIAL CAPACITY;
STEVEN D. BARNES, IN AN INDIVIDUAL AND OFFICIAL CAPACITY;
AND; GOVERNOR GAVIN NEWSOM, IN AN OFFICIAL CAPACITY; - DEF-
ENDANTS.

CASE NUMBER   2:23 CV 1519 TLN
AC (PS)

COMPLAINT

JURY TRIAL DEMANDED

#1. THIS IS AN ACTION INVOKING THE COURT'S ORIGINAL JURISDICTION UNDER 28 U.S.C. §1331 (THIS IS A SHORT AND PLAIN STATE-MENT OF THE GROUND'S FOR THE COURT'S JURISDICTION).

#2. ON AND AFTER MAY 16, 2018, IN HANFORD, CA, DEFENDANTS DEPRIVED AND CONTINUE TO DEPRIVE PLAINTIFF DERRICK L. JOHNSON (HEREINAFTER PLAINTIFF) OF LIBERTY, WITHOUT DUE PROCESS OF LAW, IN VIOLATION OF THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES (THIS IS A SHORT AND PLAIN STATEMENT OF THE CLAIM SHOWING THAT THE PLEADER IS ENTITLED TO RELIEF).

#3. ON AND AFTER MAY 16, 2018, IN HANFORD, CA, IN A CRIMINAL CASE THAT BEGAN AS No. 18CM-0401, DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR KINGS COUNTY (WHICH, AT ALL TIMES, WAS AND IS A STATE COURT, AN ASSOCIATION, A CONSPIRATOR, A PERSON ACTING ON BEHALF OF A STATE, AND A PERSON WHO, UNDER COLOR OF A STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF A STATE OR TERRITORY), DEFENDANT GOVERNOR GAVIN NEWSOM (WHO, AT ALL TIMES, WAS AND IS THE GOVERNOR OF CALIFORNIA, AN INDI-VIDUAL, A CONSPIRATOR, A PERSON ACTING ON BEHALF OF A STATE, AND A PERSON WHO, UNDER COLOR OF A STATUTE, ORDINANCE, REGULA-TION, CUSTOM, OR USAGE, OF A STATE OR TERRITORY), ~~[REDACTED]~~ DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (WHICH, AT ALL TIMES, WAS AND IS A CONSPIRATOR, AN ASSOCIATION, A PERSON ACTING ON BEHALF OF A STATE, AND A PERSON WHO, UNDER COLOR OF A STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF A STATE OR TERRITORY), DEFENDANT JAMES T. LAPORTE (WHO, AT ALL TIMES, WAS AND IS A JUDGE, AN INDIVIDUAL, A CONSPIRATOR, A PERSON ACTING ON BEHALF

OF A STATE, AND A PERSON WHO, UNDER COLOR OF A STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF A STATE OR TERRITORY), DEFENDANT LOUIS F. BISSIG (WHO, AT ALL TIMES, WAS AND IS A JUDGE, AN INDIVIDUAL, A CONSPIRATOR, A PERSON ACTING ON BEHALF OF A STATE, AND A PERSON WHO, UNDER COLOR OF A STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF A STATE OR TERRITORY), AND DEFENDANT STEVEN D. BARNES (WHO, AT ALL TIMES, WAS AND IS A JUDGE, AN INDIVIDUAL, A CONSPIRATOR, A PERSON ACTING ON BEHALF OF A STATE, AND A PERSON WHO, UNDER COLOR OF A STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF A STATE OR TERRITORY): A) HELD AND/OR CONTINUES TO HOLD PLAINTIFF TO ANSWER FOR A OTHERWISE INFAMOUS CRIME WITHOUT BEING ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY (AS SHOWN IN THE RECORD) IN A CASE NOT ARISING IN THE LAND OR NAVAL FORCES OR IN THE MILITIA WHEN IN ACTUAL SERVICE IN TIME OF WAR OR PUBLIC DANGER, IN VIOLATION OF THE 5TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND THEREBY IMMEDIATE AND IRREPARABLE INJURY, LOSS, OR DAMAGE WILL RESULT TO THE MOVANT BEFORE THE ADVERSE PARTY, CAN BE HEARD IN OPPOSITION, B) ENGAGED IN A CONSPIRACY AND DID ACT IN FURTHERANCE OF THE OBJECT OF SUCH CONSPIRACY WHEREBY PLAINTIFF WAS AND IS INJURED IN HIS PERSON (AFTER DEFENDANT GOVERNOR GAVIN NEWSOM AND ONE OR MORE PERSONS, IN A STATE OR TERRITORY, DID CONSPIRE FOR THE PURPOSE OF DEPRIVING, EITHER DIRECTLY OR INDIRECTLY, PLAINTIFF OF THE EQUAL PROTECTION OF THE LAW, C) SUBJECTS, OR CAUSES TO BE SUBJECTED, PLAINTIFF (WHO, AT ALL TIMES, WAS AND IS THE PARTY INJURED AND A CITIZEN OF THE UNITED STATES) TO THE DEPRIVATION OF A RIGHT SECURED BY THE CONSTITUTION AND LAW, AND D) SUBJECTED PLAINTIFF (WHO, AT ALL TIMES, WAS AND IS A PERSON CONFINED TO AN INSTITUTION) TO A CONDITION WHICH DEPRIVED PLAINTIFF OF A RIGHT SECURED BY THE CONSTITUTION OF THE UNITED STATES.

#4. ON ABOUT NOVEMBER 13, 2018, IN HANFORD, CA, IN AFORESAID CRIMINAL CASE, DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR KINGS COUNTY, DEFENDANT GOVERNOR GAVIN NEWSOM, AND DEFENDANT STEVEN D. BARNES: A) PROCEEDED TO A CONVICTION OF CRIME AGAINST PLAINTIFF AS AN INCIDENT OF AN ILLEGAL ARREST AND PROCEEDED TO THE JUDGMENT AND B) SENTENCED PLAINTIFF TO INVOLUNTARY SERVITUDE (AND PLAINTIFF IS CURRENTLY IN SUCH INVOLUNTARY SERVITUDE IN THE CUSTODY OF DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION) AS PUNISHMENT FOR CRIME WHEREOF PLAINTIFF WAS THE PARTY AND PLAINTIFF HAD NOT BEEN DULY CONVICTED, IN VIOLATION OF THE 13TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND THEREBY IMMEDIATE AND IRREPARABLE INJURY, LOSS, OR DAMAGE WILL RESULT TO THE MOVANT BEFORE THE ADVERSE PARTY CAN BE HEARD IN OPPOSITION.

I VERIFY UNDER PENALTY OF PERJURY THAT I AM PLAINTIFF IN THIS CIVIL ACTION, THAT I AM A PRISONER AND I BRING THIS CIVIL ACTION IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915, THAT THE FOREGOING IS BASED ON MY PERSONAL KNOWLEDGE TO WHICH I AM COMPETENT TO TESTIFY AND IS ADMISSIBLE IN EVIDENCE, AND THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON JULY 23, 2023 _____ PLAINTIFF PRO SE        THE RELIEF SOUGHT

IN A DEMAND FOR THE RELIEF SOUGHT, THE RELIEF SOUGHT IS: 1) FOR THIS ACTION TO BE COMMENCED UNDER 42 U.S.C.

§1997a, 2) For plaintiff to be allowed a reasonable attorney's fee against the United States as part of the costs, 3) for plaintiff's conviction of crime (as an incident of an illegal arrest) to be reversed in aforesaid criminal case, 4) the recovery of damages for the following sum against the following conspirator: A) for the sum of $15,000,000.⁰⁰ against defendant Superior Court of the State of California for Kings County, B) for the sum of $15,000,000.⁰⁰ against defendant Governor Gavin Newsom, C) for the sum of $15,000,000.⁰⁰ against defendant California Department of Corrections and Rehabilitation, D) for the sum of $1,000,000.⁰⁰ against defendant James T. Laporte, E) for the sum of $1,000,000.⁰⁰ against defendant Louis F. Bissig, and F) for the sum of $1,000,000.⁰⁰ against defendant Steven D. Barnes, and 5) for the following judge to be disqualified (in aforesaid criminal case) for the reason a person aware of the facts (in this complaint) might reasonably entertain a doubt that the judge would be able to be impartial: A) defendant James T. Laporte, B) defendant Louis F. Bissig, and C) defendant Steven D. Barnes.        Brief

The legal contentions in support are: 1) the 5th Amendment (specifically the "no person shall be held to answer for a...otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger..." provision) to the Constitution of the United States, 2) the 13th Amendment (specifically the "neither slavery nor involuntary servitude, except as punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States..." provision) to the Constitution of the United States, 3) 28 U.S.C. §1915 (specifically the "...if a prisoner brings a civil action or files an appeal in forma pauperis..." provision), 4) 42 U.S.C. §1981 (specifically the "...all persons within the jurisdiction of the United States shall have the same right in every state and territory...to sue...as is enjoyed by white citizens..." provision), 5) 42 U.S.C. §1985 (specifically the "if two or more persons in a state or territory...conspire...for the purpose of depriving, either directly or indirectly, any person or class of persons the equal protection of the laws, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property...the party so injured...may have an action for the recovery of damages, occasioned by such injury...against any one or more of the conspirators" provision), 6) 42 U.S.C. §1997a (specifically the "...in any action commenced under this section, the court may allow the prevailing party, other than the United States, a reasonable attorney's fee against the United States as part of the costs..." provision), 7) California's Code of Civil Procedure §170.1 (specifically the "a judge shall be disqualified if...a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial..." provision), 8) Giordenello vs. United States (1958) 2 LEd2d 1503, 1504 (where the Supreme Court of the United States held, in part, "...reversible error inheres in a conviction of crime...as an incident of an illegal arrest..."), and 9) plaintiff's arrest (in afore-

SAID CRIMINAL CASE) WAS ILLEGAL IN THAT THE DEFECTIVE COMPLAINT DOES NOT PROVIDE A SUFFICIENT BASIS UPON WHICH

A FINDING OF PROBABLE CAUSE COULD BE MADE, AS DECIDED IN GIORDENELLO VS. U.S. (1958) 2 LED 2D 1503 BY THE

SUPREME COURT OF THE UNITED STATES.